# J. HENRY STROHMEYER

*vs.*

# CHARLES E. REMSON AND ELLA F. REMSON,
## HIS WIFE.

*Second Mortgage—Exercise of Power of Sale—Usury.*

That a first mortgage is overdue and might be foreclosed does not preclude the second mortgagee from exercising the power of sale in his mortgage, the first mortgagee not desiring to foreclose.                                                                p. 441

That the Court of Appeals, in reversing a decree which ratified a sale under a first mortgage because a simultaneous sale was made under a third mortgage, stated that a resale should be made only under the first mortgage, so that the title might be sold clear of all liens and under favorable conditions, was not to be regarded as precluding a subsequent sale under the second mortgage, the first mortgagee having in the meanwhile relinquished the idea of immediate foreclosure. Explaining *Boynton* v. *Remson,* 133 Md. 101.                               p. 442

That a portion of the first mortgage is disputed on the ground of usury is no reason for refusing to ratify a sale under the second mortgage.                                               p. 442

Since Code, Art. 66, Secs. 6, 11, 12, clearly define the extent of the title to be sold under the power of sale in a mortgage, and fully protect the rights of subsequent lienors, a second mortgagee may properly proceed under such a power, without any necessity of resorting to a bill for foreclosure to which the first and third mortgagees might be made parties.        p. 443

*Decided December 10th, 1919.*

Appeal from the Circuit Court for Anne Arundel County, in Equity (FORSYTHE, J.).

The cause was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and ADKINS, JJ.

*Charles Claggett* and *William L. Marbury,* for the appellant.

*Daniel R. Randall,* with whom were *Hill, Randall & Leser* on the brief, for the appellees.

URNER, J., delivered the opinion of the Court.

The order from which this appeal has been taken was invoked and passed in evident misapprehension of the intended effect of certain language used in the opinion of this Court in *Boynton* v. *Remson,* 133 Md. 109. The appeal in that case was from a decree ratifying a sale of the same real estate which is involved in the present proceeding. In the former case separate sales were made on the same day under powers of sale contained in first and third mortgages on the property. Exceptions to both sales were filed by the mortgagor on the ground that, because of the confusion arising from the efforts to conduct these conflicting sales, the property was sold in both instances at a substantial sacrifice of its real value. The decree appealed from sustained the exceptions to the sale reported under the third mortgage, and ratified the sale under the first mortgage, at the same time dismissing a bill for injunction against that sale which had been heard with the exceptions by agreement. On appeal the decree was affirmed except in so far as it ratified the sale under the first mortgage. In the view of this Court, the evidence was "sufficient to support the contention that the conditions surrounding the sale not only tended to prevent the disposition of the property for an adequate price, but in fact produced that injurious result."

As stated in the opinion, our review of the case brought us to the conclusion that the mortgagor's interest "suffered material injury as a result of the concurrent exercise of the powers of sale contained in the first and third mortgages, and of the effort of each of the vendors to discourage bidding at the sale conducted by his competitor." It was further said: "According to our conception of the case, a serious loss may result to the mortgagor from the ratification of either of the reported sales, but we are confident that no injustice would be done to any interest in the case if a resale is ordered. The third mortgagee, whose claim will be partly lost if the first sale is confirmed, might be very materially benefited if the farm is resold, and the first mortgagee is amply protected by

priority of lien and cannot be injured by a resale of the
property under conditions which will admit of its fair mar-
ket value being realized. The second mortgagee appears to
be well secured and is taking no part in the litigation." The
opinion concluded with the statement that if the mortgagor
"should be unable to refund his existing mortgage indebted-
ness, and a resale cannot be thus avoided, it should be made
alone under the power of sale in the first mortgage, so that
the title may be sold clear of all liens and under conditions
favorable to a sale that will be advantageous to all parties
concerned."

After the case was remanded, the first mortgagee concluded
not to proceed with the exercise of his power of sale, and
after the mortgagor had been given an opportunity to make
a sale of the farm on his own account, the holder of the sec-
ond mortgage advertised and sold the property at public auc-
tion under the power of sale in that mortgage, which secured
a claim of $30,000 and accumulated interest. This sale was
made for $47,000, subject to the first mortgage, which recited
a consideration of $2,500. The purchaser was Mr. Fred B.
Rhodes, who is the attorney named in the power of sale in
the third mortgage. The price realized at this sale repre-
sented a considerable increase over the prices formerly re-
ported. The mortgagor excepted to the new sale on the
ground that it was made for an inadequate price and in disre-
gard of the opinion of this Court disposing of the other ap-
peal. The exceptions stated additional grounds of opposi-
tion to the ratification of the sale, but they are not pressed
and are plainly untenable. In declining to ratify the sale last
reported, the Court below expressed the view that the sale
should be made free of all incumbrances, and that "such a
sale was undoubtedly meant by the Court of Appeals, when,
after considering the circumstances of this particular case, it
was said the property should be sold alone under the first
mortgage, and clear of all liens." The argument made in
favor of the affirmance of the order setting aside the sale is
based largely upon the theory that the language used by this

Court on the former appeal in reference to a resale under the first mortgage alone was mandatory in its purpose that this course should be pursued.

It was not intended by any expression in the prior opinion to prescribe a method of sale that must be adopted regardless of any change of circumstances. The question previously decided arose out of the complications produced by the simultaneous exercise of the powers of sale in the first and third mortgages. In order to prevent a renewal of such a competition, and of its injurious effect upon the sale of the property, the Court stated that a resale, if one were necessary, should be made under the first mortgage alone. This statement was made upon the natural assumption that the first mortgagee would still desire to enforce the right thus recognized. But there was a subsequent change in his attitude. After our decision he entered into an agreement with the mortgagor, as the record shows, "to withhold any further action at that time in the way of foreclosure proceedings." The pending sale under the second mortgage was made about six months after the former decision was rendered, and in the meantime no steps were taken by the first mortgagee to pursue the course which our opinion had defined. The conditions with which we are now dealing are, therefore, radically different from those in reference to which the language quoted from the previous opinion was used. It is not applicable to the situation now presented, and it cannot be invoked by the excepting mortgagor who participated in changing the conditions to which alone our proposal was pertinent.

In view of the new and unforeseen development just mentioned, we are of the opinion that the second mortgagee should not be denied the right to exercise the power of sale in his mortgage for the satisfaction of the long-matured indebtedness which it secures. The fact that the exceptions to the first sale disputed a portion of the first mortgage claim on the ground of usury is not an adequate reason for the restriction of any of the second mortgagee's legitimate rights. Suitable action by the mortgagor to have such a question deter-

mined is not precluded by the ratification of the sale here in controversy. The only question now to be decided is whether there is anything in the present record, or in our decision on the exceptions to the prior sales, that can be held sufficient to bar the exercise of the power of sale under the second mortgage, and our answer to that question must be in the negative. The contract in the mortgage for such a power was authorized by statute, which provides also that a sale made in pursuance of the power, "when confirmed by the Court, and the purchase money is paid, shall pass all the title which the mortgagor had in the said mortgaged property at the time of the recording of the mortgage," and that "any person claiming an interest in the equity of redemption may apply to the Court confirming the sale to have the surplus of the proceeds of sale, after payment to the mortgagee of his claim and expenses, paid over to such person, or so much thereof as will satisfy his claim, and the Court shall distribute such surplus equitably among the claimants thereto." Code, Art. 66, Secs. 6, 11, 12. By these provisions the extent of the title to be sold under the power in the second mortgage was clearly defined, and the rights of subsequent lienors were fully protected. There was consequently no occasion to resort, as suggested, to a bill for foreclosure to which the first and third mortgagees might be made parties.

The record shows that the mortgagor was given an opportunity, after the last sale, as well as before, to procure a purchaser of the property for a price higher than the one to which he excepts. All his efforts to that end have proved unavailing. The evidence in the case does not satisfy us that the sale should be rejected on the ground that the price reported was inadequate.

> *Order reversed, with costs, and cause remanded, to the end that the sale reported may be ratified.*